**WILLIAMS, Admr., Plaintiff-Appellant, v. MURRAY, Defendant-Appellant.**

Ohio Appeals, Tenth District, Franklin County.

No. 5912.   Decided September 30, 1958.

Donald S McNamara, Columbus, for plaintiff-appellant.
Wright, Harlor, Purpus, Morris & Arnold, Earl F. Morris, Harry Wright III, of Counsel, for defendant-appellee.

### OPINION

By PETREE, PJ.

This is an appeal on questions of law from a judgment of the Common Pleas Court of Franklin County.

Plaintiff, appellant herein, brought suit as administrator of the estate of his late wife, Pauline Williams, against Marion Ruth Williams, driver of the automobile in which the deceased was riding at the time of the accident, and John Arnold Murray, driver of an automobile proceeding in the opposite direction.   Marion Ruth Williams was taken out of the case by a settlement and a covenant not to sue, leaving John Arnold Murray as the lone defendant at the time the case went to jury trial.

At the time of the accident, Highway 33 consisted of three lanes. each approximately twelve feet in width, and it was so marked by lines.

Appellant sets forth four errors in the index of his brief on Page iii and discusses them beginning on Pages 12, 14, 17, and 20 of his brief.

Only three assignments of error are listed on Page i under the title "ASSIGNMENT OF ERRORS," but it was agreed that the court should consider all four assignments of error. Said assignments of error are as follows:

"1. The Trial Court Errored in Allowing Evidence over the Objection of Plaintiff and in Denying Evidence Sought by Plaintiff.

"2. The Court Erroneously Refused to Permit the Plaintiff to Include a Specification of Negligence Warranted by the Evidence.

"3. The Court Errored in Commenting on the Special Instructions.

"4. The Court Errored in Withdrawing from the Jury's Consideration Plaintiff's Specification of negligence as to Defendant's Speed."

Assignment of error No. 1 is not prejudicial. The court might have permitted the answer as discretionary, but the record does not contain facts which would require a court to permit his examination on whether he had used notes or statements to refresh his memory. The instant case is distinguishable from **State v. Taylor, 50 Abs 175.** Headnote 5 in that case indicates that a paper was being used on the stand and the opposing attorney was not permitted to inspect the paper or memorandum. It is apparent that in the instant case, no paper was present in the courtroom.

Assignment of error No. 2 is not well taken. Under the state of the record in this case, the court did not abuse its discretion in refusing to permit the amendment.

Assignment of error No. 3 is not prejudicial. While it is undesirable for the trial judge to disclose which party composed and requested the special instructions, yet when we consider the two statements of the trial judge in the insatnt case, we conclude that the error was not prejudicial. At Page 155 of the record, the court said:

"THE COURT: Now, members of the jury, counsel for the plaintiff have requested certain instruction to be given before the argument, and it is the law that such instructions as properly state the law applicable to the case in question must be given by the Court. These instructions which I give you now and read to you now are to be considered along with my general charge, at the close of the arguments, as the law which you are to follow in reaching your verdict in this case."

At Page 159 the court also said:

"THE COURT: Now, members of the jury, the Court will instruct you as to the law which, in addition to the special instructions, which have been read, and which will go with you to your jury room, you are to consider and apply in reaching your verdict in this case."

Assignment of error No. 4 is not well taken. The court is not bound to submit to the jury every claim of negligence set out in the petition. In fact, it is error to charge upon matters and confuse the minds of a jury unless the facts in the record warrant some statement by the trial judge as to the law relating to claims of negligence. The record in this case makes such a charge unnecessary.

The judgment of the trial court will be affirmed.

Judgment affirmed.

BRYANT and MILLER, JJ, concur.